Counsel Good morning, Your Honor They please the court. My name is Maria Andrade I'm here proud to represent my client petitioner Claudia Galindo de Sevilla We're here this morning asking the court to vacate and declare invalid the reinstatement order that was issued against her on one of two independent grounds The first and most clear is that the reinstatement statute simply doesn't apply to expedited removal orders We know this from looking at the plain language of the statute to suggest and states clearly the class of orders that the reinstatement statute was meant to apply to Are the ones that would otherwise be subject to reopening and review It's consistent with the congressional intent that we've heard the court make reference to in multiple decisions that the interest in Congress was simply to avoid giving hearing after hearing judicial hearing to an alien once they've had their one chance at it once they've had their one bite at the apple an expedited removal order by law Has no means for judicial review has no means for the I I thought that the way the system was set up was that when there was an expedited removal They could get review But what they were supposed to do was get it in the consulate of the United States that's in the country They were removed to so if somebody comes over the border from Canada or Mexico And they're told no you can't come in here you don't have a right to be here and What they're supposed to do under the law was go back to Canada or Mexico and appeal That order in the American consulate and that's where they got their review and that the only limitation on review was if they subsequently sneak in then They've lost their chance to get that review Isn't that the way it works under Raleigh Syskierdo and that that recent panel decision That's that's not entirely correct your honor the expedited removal proceeding The immigration officer once they're confronted with a person who's making an application for admission Can declare that they're inadmissible either because they don't have proper entry documents or because they declare that they're are they determined They made a misrepresentation in making that if the individual claims either a credible fear of I'm a citizen or I'm a legal permitted resident. I was previously admitted as a refugee Then in the when they make a credible fear claim that goes to an asylum officer And if the individual disputes the asylum officers claim that can go to an immigration judge that just the asylum Question if the person makes a claim that they were previously admitted as a refugee or they have an LPR status that claim goes they make a sworn statement the alien makes a sworn statement that hey I say that I'm previously admitted the officer then Can refer it to a judge? But the judge only can decide whether or not to affirm or vacate the immigration officers Determination that they're subject to expedited removal if the immigration judge says yep, they're an LPR They terminate and vacate the expedited removal and then the government has the option of issuing them an NTA That's how the expedited removal procedure works counsel wasn't that the the problem here that? She made a false claim that she was a u.s. Citizen When she attempted to enter and that's why the initial order of expedited Removal was entered That's correct. The expedited removal order was issued and it made two determinations one that she Misrepresented herself and second that she made a false claim. It's our contention that she didn't actually Commit the facts You know do the actions that would would Meet the standard of making a false claim and even if she had there's evidence in the record in the certified admin Administrative record in the i-213 that says that she admitted her to identity if that's the case if if there is a Determination by the immigration officer that an alien has misrepresented her identity Getting back to judge Kleinfeld's question, how does does the alien at that point adjudicate that dispute? They don't they don't get to adjudicate their dispute. I mean unless they're going to say Undersworn undersworn statement that no, I really am who I say I am. I really am a citizen. I really am an LPR She did not do the first time right? She she in essence I don't know if this is the right word as a matter of immigration law, but she in essence acquiesced To the expedited removal order and did not contest at that time that she physically left the country, right? She physically left the country. She was She was not permitted to I mean there is no procedure for her to actually You know put in evidence in her behalf or to ask there is a procedure if she will If she will complete a sworn declaration That says no You're wrong I am a US citizen and you should not be removing me on an expedited basis, but she did not do that That's correct. But what there is no procedure for is for her to say hey I know what the law is for making a false claim to citizenship and I didn't do that I did not get a person at the primary inspector didn't ask me directly I thought you said yes, and then no in that answer what I said first. You said yes, she acquiesced and then she said Something that's opposite to that. I don't get it. That's what I heard too. Okay, the difference being that She did not Declare that Yes, I am a US citizen under a sworn statement. She did not evoke that procedure, right? She basically didn't fight it at that point. She as judge Beezer points out she left. That's correct They put her on the bus and they sent her back or whatever. That's okay. And then she comes back again And this time apparently it's alleged. She did the same thing she provided identification in someone else's name and at that point the reins the order was Reinstated and they want to remove her again. And now you're here before us Saying no, I my clients due process rights are being violated. I want an opportunity to contest the circumstances under which she presented herself to Right, and if I can get back to this, but the distinction is really important in that She's not contesting. I'm I am denied due process because I really was a citizen No, she's saying I didn't misrepresent that. I was that's what she said. I didn't commit the false claim the false claim determined and therefore I shouldn't be Marked with a false claim to determination that will forever prevent me from ever becoming a local. I don't get how you get around Morales is scared of the en banc decision the en banc decision it could have just Stopped after the first section, but it went on to say there can't be a due process Violation because some right has to be taken away in Order for a person to be entitled to due process before the right is taken away Once a person has been subjected to a removal order, they don't have a right to be in the United States So no right is taken away when they're When it's reinstated Our contention is that Morales Morales is scared on the holding bear Comes out and relies upon a genesis of cases in which the Alien in the prior had a prior opportunity for judicial review had a prior. I thought it was an en banc. So there's no way Nothing we can do about it. Of course, and and and that it was not a different framework What's the distinction between the statutory framework applicable? The statutory framework is the same in that the Reid statement stage statute is the same that applies However it at 496 and Morales is scared of its states that we do leave open the possibility for a fate For a challenge to that the individual procedures or the individuals may bring a claim alleging that the procedures do not Afford you process. I'm looking at 496. Show me what you mean? Okay It's Right. Yeah, my highlighted portion was that the reinstatement statute Specifically precludes Morales from seeking to reopen the previous removal order based on defective service or any other grounds that was the part that I Highlighted, but obviously I've missed something I'm looking at the SEC the the sentence right before the end of section or beginning of section B Says while the regulation does not offend due process. We leave open the possibility that individual petitioners may raise procedural defects in their particular cases But the procedural defect that you are raising is in essence a due process claim that she didn't have an opportunity to contest the facts and circumstances surrounding her attempted entry and Why isn't that squarely within the holding of Morales's weirdo, which says that you don't have the right? Once the order is reinstated to contest it is the procedural defect that the reinstatement statute of procedures Do not solicit or allow for the challenge to the to allow someone to say the reinstatement order is factually inaccurate doesn't that language refer to the procedure of Establishing that this is the alien who was the subject of the reinstatement order Isn't that what the court was referring to when we talk about procedures at page 496? I don't believe that it's limited to that the section subsequent that starts at section B talks about How Morales is here to attempted to show a procedural defect by showing how he would submit evidence into the record It looks like B kills you though. I mean it goes on to talk about where somebody Says that the first order violated due process So the INS cannot reinstate the prior order of removal that did not comport with due process It says yep. We have some panel decisions that say that and now we overrule them and Those those that they're overruling and Morales is scared. Oh both come out of that are distinguishable because Those cases were where the individual had the right to judicial review before This is a case for the first time first impression of this court We're saying that the expedited removal order there's a contention that the facts and legal determinations in that order are inaccurate And that question hasn't been before the court. I see I'm over time and We'll give you one minute for a rebuttal. Anyway, thank you. Thank you Counsel Counsel please the court Barry Pettinato appearing on behalf of the Attorney General I just want to address before I even get into my argument one thing I think several of the judges are asked about in an expedited removal order if an alien wants To chat make any challenges. He has to do it in habeas and it's limited under 1252 e to three discreet things one that that in fact He isn't an alien to that. He wasn't previously removed and on three that he's he is in fact a lawful permanent resident That's all Congress allowed for in terms of review For expedited what is the room? Those are the proceed? Am I correct when I looked at that language under Morales's credo? Isn't that the procedures that we're talking about? Well, that's in an expedited removal order in the the procedures in the Murrah in a reinstatement case that the court can review our Whether it's an alien with previously removed and illegally re-entered slightly different way back when a starting in Castro Cortez, those are the three discreet things that the court has said we could review. So is your answer? Mr. Patton out of the you don't know what the court was referring to when when we use that language at page 496 Let me just say I think that's how I read the opinion now. I wasn't on on 496 Now where are you I'd say I'm looking at just before Subsection B the language that we were discussing with Miss Andrade where we say While the regulation does not offend May raise procedural defects in their particular cases I read that to mean the procedural defects would be that for some reason the alien Is now being ordered reinstated and removed in violation of these three exactly I agree with you with totally talking about the reinstatement process. Okay, not here You have to be very aware that what's happening in this case is Through the reinstatement process essentially the petitioner here is trying to bootstrap for her attacks on the previous expedited order and through a petition for review of the reinstatement case trying to bring those back up and The fact that the expedited removal order is this court has no review over it is essentially so well settled It's if I can give you a whole laundry list of reasons in the reinstatement statute itself It says the prior order is not subject to it to review. That's that's the 241 a5 language of the reinstatement statute Did you have to use USC a? Citations, it's hard for me to translate 1231 a5 the reinstatement statute itself says The prior order of removal is not subject to being reviewed and that's what they want reviewed here the expedited order removal order So under the reinstatement statute itself, it says it can't be reviewed Okay, I don't want to beat a dead horse here, but I want to make sure I understand it so what that means is The only thing that the alien can ask a court to review is whether or not He is an alien He was the same alien who was the subject of that order which is now being reinstated And whether or not he's an LPR. That's it. Those are well if he alleges a procedural defect in Any of those three grounds we have limited jurisdiction under habeas to review that otherwise We don't go to the underlying merits of why the order was entered initially. I Essentially agree with you. I think that's that's a that's a fair reading still get could the alien still get review of the original Remove expedited removal order by going to the consulate in the aliens own country your honor I heard you say that and I'm not quite sure where that what the way that comes from with I'm not I'm not aware of that. I mean the The officer says she lied to me. She said she was an American citizen and what's more she admitted She lied to me suppose. She says no. No, no, that's not true He just doesn't understand Spanish or he didn't understand me or he lied himself in his Form that he filled out and is there someplace she can litigate whether that's so not not really That's because that's I'm sorry that that's because we're talking about arriving aliens here who Becoming from any country around the world and expedited removal process allows that the inspectors at the border to turn them back if they have no valid entry documents and if they make Okay, let me make the hypo simpler Suppose the officer turns the person back and says it's it's from some country where you need a visa Stamped in your passport before you get to the u.s. And the officer says you don't have a visa You can't come in and the alien says yes, I do. It's right here an officer says I can't read the rubber stamp and Is there some place well in that country or wherever and that's it would elevate up the chain with me She spoke over me and because I was talking I couldn't hear you. I'm sorry In a search situation like that it would elevate up the chain within DHS itself at the border it primary if the primary inspector says I don't see that you have an Visa in here and your passport and if the alien contested that then it would go on up into secondary inspection And you'd have more senior officers looking at it to just make that that determination Yeah I think one of the things you can't lose sight of the fact that these aliens that are arriving arriving aliens at the border have No constitutional due process protections at all because they're coming from they're not even within the bounds of the United States So in essence, we're back if forget about our era and all that stuff if we're back in the good old days They would they would basically be excludable aliens who are being ordered excluded at the border. We're not letting you in exactly It's this expedited removal is exactly that same process under a new name. That's exact. You've got it, right? Exactly So the expedited removal in judge Kleinfeld I actually want to point out one case that you actually were on the panel on Avendano Ramirez I don't remember it right now. You don't remember it You should take a look at it. Avendano Ramirez. We cite it in our brief That's where this court said here. I like it's Just give me one second the the court actually said I'll just give you the site It's 271 F 3rd 1169 in that the court actually said and you were sitting on the panel and said that there's no Review of expedited removal orders either directly or collaterally and the court specifically said quote we agree that section 241 a 5 that's the 1231 Code section that I just mentioned bars examine examining the original deportation order. That's at 1170 and you are on that panel So that there's no real dispute here that the underlying expedited order of removal cannot be Reviewed and what they're trying to do here is through Bringing the challenge to the reinstatement order itself bring up the old and the the initial Argument that they make regarding the prisoner makes that the reinstatement statute itself doesn't Pick up expedited orders of removal the language in the expedited removal. I mean the reinstatement statute talks about Government may reinstate a prior order of removal and the best evidence that Prior the orders of removal also include expedited orders of removal is in 12 52 a 1 1252 a 1 says that's going to be the exclusive means for this the court To review final orders of removal and then it parenthetically says excluding Orders of removal and expedited removal proceedings So if that's the clearest evidence that Congress intended that expedited removal orders our final orders of removal But just so happens to be that the court can't review it in 242 proceedings 1252 Petitions for review proceedings. I'm looking at this Alvin Dono decision That judge Fernandez wrote right for unanimous panel with me on it which language in it are you referring to? At on page 1170 There's language there, wait a minute Starts at page 813. It wasn't that long. Oh, I'm sorry. Actually. Oh, sorry. Sorry. Sorry. Let me see I'm sorry. I just quoted you language from Alvarenga, which you were not on Oh I'm sorry here. You're right. Let me give you the language At Avan Dono Ramirez It actually said it's basically it holds that the review of the expedited mortar removal order is actually not is barred under section 1252 a 2a and This is what the court said in as much as quote our review would necessarily involve Entertaining a claim arising from the expedited removal order because we would be asked to nullify the continuing effects of that order That's at 818 Essentially the weapon what The panel that you were sitting on judge Klinefeld said was that when you combine 1252 a 2a With the limited habeas review that aliens would get an expedited removals, which is found at 1252 e It says that the court went on the court said that Congress had quote spoken quite clearly regarding quote It's intent to severely limit both Contemporaneous in late tampering with the results that flow from the expedited removal orders. That's at page 818 and 819 So it's I think it's pretty well settled in Morales is scared. Oh, it actually it says There's language in Morales that actually says Morales to the second one the in-bank decision that makes very clear that there's no review of the underlying expedited water removal here I'd see that my time is up close to oh, I guess I have 37 seconds. Sorry. You're over by four. No, I'm over I'm sorry, you're right. It's exactly what you warned against If there's any other questions from the court, I'll be happy to answer them Thank you counsel. All right. Thank you On the question the judge with regard to the review and expedited removal order process, I just would like to direct the court's attention to 8 CFR 235.3 sub B and 8 USC 1225 and there you'll see the Extent of the procedure for review is is what I had previously explained to you  When we allow an expedited removal order to be reinstated an expedited removal order that would issued by an individual officer It is a recipe for due process disaster and It is another reason, you know, this case is a very good example of the problems that are inherent with allowing the combination of two summary proceedings And to hold that the that a reinstatement statute doesn't apply to expedited removal orders does not thwart the reinstatement statute Plenty of people are still going to be subject to reinstatement plenty of people with judicial removal orders It's not going to thwart the expedited removal procedure. There's going to be plenty of people that are subject to expedited removal It's consistent with the language we've we've seen in the congressional Legislature congressional history that shows that their interest Primary and paramount was to avoid more than one full-blown judicial hearing more than one You're mixing apples and oranges you're mixing rules that used to be applied to excludable aliens Versus rules that applied to aliens who were already lawfully admitted And then who left the country and came back and there was some problem with their readmission And then Congress tinkered with the statute and came up with these new terms But but you still face the fundamental problem that an alien Who presents himself at the border who is in essence excludable doesn't have The same due process or constitutional rights that a lawful permanent resident would have If he were standing in the shoes of the alien That's where I'm having a hard I understand your frustration But I don't think that there is as Congress has told us To to grant you the relief that you're asking for particularly Decision which I think controls the due process protections are limited of course as you say at the border But what we can't lose sight of any more than we can lose sight of arriving aliens are In times of very little process at the border is the fact that somebody who's within the interior Albeit unlawfully stands in a different position they stand in a position Of being in the interior and subject to Fifth Amendment due prices due process rights that are greater than But wasn't that true before I mean if we found somebody in the interior and they were placed Into deportation proceedings we treated them differently than if they were knocking on the door That's true we provided the bare minimum which we still provide the bare minimum which is one judicial Hearing for folks that are found in the interior it might get if I got this right Under your analysis somebody who was excluded at the border and sent back never gets into the United States Has fewer rights if they stay in their home country and then try to come in again Legitimately through the border they have fewer rights than if after they get excluded at the border They never get into the United States they sneak in somewhere other than the border station And then they get caught some hours or days or years later That's that's that's true and it's consistent with decades of case law in this circuit and in others I mean the interest in an expeditious interest in an expeditious means to remove Aliens from the country does not have to come at such a high price that we have to Undermine decades of case law that have established they're entitled to greater due process rights Isn't that a determination that Congress made when it enacted this statute No the reinstatement statute was enacted to avoid giving judicial hearings With full judicial review the right to present evidence the right to have an attorney to give them more than one bite Of that apple that's what they wanted to get one or a hundred how many bites Yeah they're going to keep coming back and forth back and forth back and forth back and forth No they get one bite one bite one bite and she never got it this Congress specifically say that They don't use the apple analogy to my knowledge but they do they say that they want to How many times are they offered proceedings in court after they've been deported And then they sneak back across the border and we throw them out again they come back a third time Are they now entitled to a third hearing no they get one bite worth or a fifth Why not yeah under your theory why under your theory why not they've got They're in the U.S. physically so they get due process rights sneaking in is the only way to go Because it's permissible for Congress to say that the bare minimum of procedural protections that you get Is one time to get your full judicial hearing you get your chance to come forward with your lawyer and put on all your evidence You get to file an appeal you get to you know you get to do your full day in court Well your client had that opportunity on the first deportation she didn't your honor it is matter of law In the regulations in the statute question of whether she took advantage of it right No your honor I believe that that's incorrect because the parameters of her review would have only been If she had made a claim to fear persecution in her home country or if she had said I really am a legal permanent resident her contention here and her her real gist of her argument Is that it's the fact that this one border officer said I did certain things that constitute a false claim to citizenship And I didn't do those I'm not saying I'm a citizen she didn't get I didn't do that She didn't have the right to but she didn't she did not have the right to contest that she has the right to Answer questions and once the determination has been made By the inspecting officer that she is already inadmissible Thank you counsel The Sevilla versus Casey is submitted
judges: Wallace, Trott, Rymer